UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE CARIBBEAN BAY, INC.,

    Plaintiff,

v.                                          Case No: 8:22-cv-2318-KKM-SPF

NORTHFIELD INSURANCE COMPANY,

    Defendant.
_____

## ORDER

    The Caribbean Bay, Inc., sues its insurance provider, Northfield Insurance Company, for breach of contract because Northfield refused to indemnify or defend Caribbean Bay in a pending state court action arising from the stabbing of two patrons at Caribbean Bay. Compl. (Doc. 1-1). Northfield now moves for judgment on the pleadings, arguing that the issue of coverage is purely legal. Because Caribbean Bay's policy excluded from coverage bodily injury arising from "any act of assault or battery" and the underlying state court action against Caribbean Bay is for that kind of injury, judgment on the pleadings is granted for Northfield.

I. BACKGROUND

Around March 2, 2019, Jason Sinkler allegedly stabbed Jeremy Keefe and Kristopher Hobbs in the Caribbean Bay parking lot. Compl. ¶¶ 11, 12. Keefe and Hobbs sued Caribbean Bay and Sinkler in the Circuit Court for Polk County, Florida, in November 2019. They alleged that Caribbean Bay was negligent in "failing to take reasonable security precautions" and as a result they "were victims of a criminal attack" and suffered "bodily and mental injury." State Ct. Compl. (Doc. 17-2) ¶ 16–17.

Caribbean Bay had a commercial liability policy through Northfield from July 28, 2018, to July 29, 2019. Compl. ¶ 9. The policy included commercial general liability coverage, which provided coverage for "sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." Policy (Doc. 17-1) at 19.

The commercial general liability coverage contained many exclusions, including for injury from communicable diseases or related to aircraft, auto, or watercraft, "even if the claims against the insured allege negligence or other wrongdoing" relating to that injury. Policy at 21, 73. Most relevant here, the policy excluded " 'bodily injury' or 'property damage' arising out of any act of 'assault' or 'battery' committed by any person, including any act or omission in connection with the prevention of suppression of such 'assault' or 'battery'. " *Id.* at 43. It defined assault as "any attempt or threat to inflict injury to another,

2

including any conduct that would reasonably place another in apprehension of such injury," and battery as "any intentional, reckless or offensive physical contact with, or any use of force against, a person without his or her consent that inflicts some injury, regardless of whether the resulting injury inflicted is intended or expected." *Id.*

The policy also included a "Liquor Liability Coverage Part," which Caribbean Bay does not claim was breached. This part also excluded injury from an assault or battery, but the exclusion's language was slightly different. It excluded " 'injury' arising out of assault or battery or out of any act or omission in connection with the prevention or suppression of an assault or battery, whether caused by or at the instigation or direction of the insured, an 'employee' or patron of the insured, or any other person." Policy at 68.

Caribbean Bay filed this action in the Circuit Court for Polk County, Florida, claiming that Northfield breached the insurance agreement by failing to "pay the benefits due for the Claim" and "failing to defend the matter." Compl. at 22–23. Northfield removed the action to this court based on diversity jurisdiction. Notice of Removal (Doc. 1) at 4. Northfield now moves for judgment on the pleadings, arguing that because the assault and battery exclusion to the general liability coverage applies, Caribbean Bay's claim fails as a matter of law. Mot. for J. on Pleadings (Doc. 17) at 1–2.

3

## II. LEGAL STANDARD

"Judgment on the pleadings is appropriate when no issues of material fact are raised in the pleadings and the movant is entitled to judgment as a matter of law." *Jones v. NordicTrack, Inc.*, 236 F.3d 658, 660 (11th Cir. 2000). "A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss under Rule 12(b)(6)." *Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1350 (11th Cir. 2018). Thus, to survive a motion for judgment on the pleadings, the complaint must contain enough facts to state a claim for relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing a motion for judgment on the pleadings, a court must accept the facts in the complaint as true and view them in the light most favorable to the nonmoving party. *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014). "[D]ocuments that are not a part of the pleading may be considered, as long as they are central to the claim at issue and their authenticity is undisputed." *Id.* at 1340 n.12.

## III. ANALYSIS

Under Florida law, the interpretation of an insurance contract is a question of law. *Dahl-Eimers v. Mut. of Omaha Life Ins. Co.*, 986 F.2d 1379, 1381 (11th Cir. 1993). The insured carries the burden of proving that the insurance policy covers the claim against it, but the insurer must prove that an exclusion precludes coverage. *See LaFarge Corp. v. Travelers Indem. Co.*, 118 F.3d 1511, 1516 (11th Cir. 1997); *see also RLI Ins. Co. v.*

4

*Coastline Title of Pinellas, LLC*, 591 F. Supp. 3d 1182, 1187–88 (M.D. Fla. Mar. 8, 2022) (Mizelle, J.).

Coverage exclusions that are ambiguous "must be construed in favor of the insured." *State Farm Mut. Auto. Ins. Co. v. Pridgen*, 498 So. 2d 1245, 1248 (Fla. 1986). But "only when a genuine inconsistency, uncertainty, or ambiguity in meaning remains after resort to the ordinary rules of construction is the rule apposite." *Id.* (alteration omitted) (quoting *Excelsior Ins. Co. v. Pomona Park Bar & Package Store*, 369 So. 2d 938, 942 (Fla. 1979)). A provision is only ambiguous "if the relevant policy language is susceptible to more than one reasonable interpretation." *James River Ins. Co. v. Ground Down Eng'g, Inc.*, 540 F.3d 1270, 1274 (11th Cir. 2008) (internal quotations omitted).

Here, the policy excludes the underlying state court negligence claim against Caribbean Bay because it involves injury "arising out of" Sinkler stabbing Keefe and Hobbs. "The Florida Supreme Court held that the phrase 'arising out of' is *not* ambiguous and should be interpreted broadly." *Id.* at 1275 (citing *Taurus Holdings, Inc. v. United States Fid. & Gaur. Co.*, 913 So. 2d 528, 539 (Fla. 2005)). Here, the negligence claim against Caribbean Bay is "all connected to the underlying attack[] by [Sinkler] and necessarily 'aris[es] out of' the assault and battery." *Burlington Ins. Co. Inc. v. Normandy Gen. Partners*, 560 F. App'x 844, 849 (11th Cir. 2014) (explaining that this "accords with how Florida courts generally have treated negligence claims relating to assault and battery"); *see*

5

*also Essex Ins. Co v. Big Top of Tampa, Inc.*, 53 So. 3d 1220, 1223 (Fla. 2d DCA 2011) ("Policy provisions that exclude coverage for claims based on an assault or battery have been extended to exclude coverage for claims of negligence which arise out of the alleged assault or battery.").

Caribbean Bay, pointing to differences between the language in this endorsement and other provisions of the policy, argues that the assault and battery provision does not apply to the underlying suit because the underlying suit is for negligence. Resp. to Mot. (Doc. 19) at 5–6. While other exclusionary provisions of the policy specify that they extend to negligence or use slightly different language, the differences between those provisions and the one at issue here do not create an ambiguity. Only when "the relevant policy language is susceptible to more than one reasonable interpretation" is an endorsement ambiguous. *James River Ins. Co.* 540 F.3d at 1274. And here, Florida courts have repeatedly held that "arising out of" is both unambiguous and broad enough to cover negligence actions, so the assault and battery exception to the general commercial liability coverage is not susceptible to multiple interpretations. *Taurus Holdings, Inc.*, 913 So. 2d at 539; *Essex Ins. Co.*, 53 So. 3d at 1223.

Additionally, Caribbean Bay's reliance on *Baraki, Inc. v. Covington Specialty Insurance Co.* is misplaced. Resp. ¶ 13. In *Baraki*, the Court noted an ambiguity in coverage because two provisions of the policy appeared to directly conflict such that one

6

could not be applied consistent with the other. No. 8:18-cv-2313, 2021 WL 7160714, at *6 (M.D. Fla. Dec. 7, 2021) (Scriven, J.). Here, Caribbean Bay does not point to a conflict between two provisions of the policy, such that one would require coverage and the other would not. Caribbean Bay only points to slight differences in language between the exclusion at issue here and other exclusions. As already explained, these differences do not overcome the plain language of the assault and battery exclusion.

IV.  **CONCLUSION**

Because the insurance policy excluded the underlying claims from coverage, Northfield did not breach its contract by refusing to cover the claims. Thus, Northfield is entitled to judgment on the pleadings. Accordingly, the following is **ORDERED**:

1. Northfield's motion for judgment on the pleadings (Doc. 17) is **GRANTED.**

2. The Clerk is directed to **TERMINATE** any pending motions and deadlines, enter **JUDGMENT** in Northfield's favor, and **CLOSE** this case.

**ORDERED** in Tampa, Florida, on March 15, 2023.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge

7